1   Kent C. Wilson, Esq. CSB#058652
2   943 Imperial Avenue,
    Suite "G"
3   Calexico, CA 92231
    (760) 357-1193
4   (619) 923-2677 e-fax.

5   Attorney for Plaintiff(s)
    LOURDES SANCHEZ

FILED

2009 SEP 14  AM 10: 50

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

6

7

8

9                 UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12  LOURDES SANCHEZ, an individual,      Case No. '09 CV 2005 JM       WMc

13              Plaintiffs,

14          v.                           COMPLAINT FOR DAMAGES;
                                         INJUNCTION, DELCARATORY & OTHER
15                                       EQUITABLE RELIEF

16  GREENPOINT MORTGAGE FUNDING,
    INC., BANK OF AMERICA HOME           1.  Intentional Misrepresentation
17  LOANS, AZTEC FORECLOSURE             2.  Breach of Fiduciary Duty
                                         3.  Breach of Covenant of Good Faith & Fair Dealing
    CORPORATION, OCWEN LOAN              4.  Declaratory Relief
18  SERVICING, LLC., COASTAL EMPIRE      5.  Quiet Title
    MORTGAGE, MORTGAGE ELECTRONIC        6.  Equal Credit Opportunity Act
19  REGISTRATION SYSTEMS, INC., as       7.  Predatory Lending
                                         8.  Negligence
    nominee for RWPO III, LLC as beneficiary  9.  Usury
20  and DOES 1-20,                       10. Accounting
                                         11. Violations of TILA, HOEPA
21                                       12. Violation of RESPA
                                         13. Violation of FCRA
22              Defendants.              14. Slander of Title
                                         15. Violation CA Bus & Prof Code §17200
23                                       16. Violation of CA Civ Code § 2923.6
                                         17. Violation of CA Civ. Code § 2923.5
24                                       18. Violation of CA Civ. Code § 1632

25                                       **DEMAND FOR JURY**

26          COMES NOW PLAINTIFF, LOURDES SANCHEZ, an individual, who alleges damages and

27  seeks equitable relief against the Defendants, and each of them, as follows:

28

                                         1

**JURISDICTION & VENUE**

1.    Jurisdiction is conferred upon the court pursuant to Title 28, § 1331 as there is a federal question and the lawsuit is based on various federal statutes. Plaintiff rely on federal statutes 15 U.S.C.A. § 1691 et seq., 15 U.S.C.A. § 1601 et seq., 12 U.S.C.A. § 2601 et seq., and 15 U.S.C.A. § 1681, et seq. on which to base their claims. Venue is conferred as the property is located and all transactions took place and all parties reside within San Diego County, California, which is within the boundary of the United States District Court for the Southern District of California.

**PRELIMINARY ALLEGATIONS**

2.    At all times relevant herein, Plaintiff LOURDES SANCHEZ is the owner of a single family residence in San Diego whose address is 2053 Miller Avenue, Escondido CA 92025 and is and was the borrower and Trustor on the promissory note (the "note") secured by a Deed of Trust ("TD" herein) in the loan transaction (the "loan") that is the subject of this complaint.

3.    At all times relevant herein, Plaintiff is informed and believes that Defendant GREENPOINT MORTGAGE FUNDING, INC. is or are a corporation doing business in San Diego, California and is or was the original lender in the loan transaction that is the subject of this complaint.

4.    At all times relevant herein, Plaintiff is informed and believes that Defendant OCWEN LOAN SERVICING, LLC and/or BANK OF AMERICA HOME LOANS is or are a limited liability company doing business in San Diego, California and is or was the current servicer/lender in the loan transaction that is the subject of this complaint.

5.    At all times relevant herein, Plaintiff is informed and believes that Defendant AZTEC FORECLOSURE CORPORATION and/or MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for RWPO III, LLC as Beneficiary is or was acting in the capacity of current Trustee of the TD that is the subject of this complaint.

6.    At all times relevant herein, Plaintiff is informed and believes that DEFENDANT COASTAL EMPIRE MORTGAGE is or was acting in the capacity of Broker in the loan transaction that is the subject of this complaint.

7.    At all times relevant herein, Plaintiff is informed and believes and thereon alleges that, DOES 1 through 20, inclusive, true names, identities and capacities, whether individual,

1  corporation, association, partnership or otherwise are at this time unknown to Plaintiff who therefore

2  sues said Defendants by such fictitious names and will so amend the complaint to show the true names

3  and capacities of such Doe Defendant(s) when the same are ascertained.

4          8.      At all times relevant herein, Defendants are sued and were acting as principal(s),

5  employer(s) and/or the agent(s), servant(s) and employee(s) of said principal(s) or employer(s), and all

6  of the acts performed by them, or their agents, servants and employees, were performed with the

7  knowledge and under the control of said principal(s) or employer(s) and all such acts performed by such

8  agents, servants and/or employers, were performed within the course and scope of their authority.

9  **STATEMENT OF FACTS**

10          9.      On or about July 12, 2007 Plaintiff purchased a single-family home located at 2053

11  Miller Avenue, Escondido CA 92025 ("Property") by borrowing $460,000 (concurrent second of

12  $86,200) from DEFENDANT GREENPOINT MORTGAGE FUNDING, INC., the funding lender. On

13  or about that date, Plaintiff executed a promissory note for the amount borrowed, which note was

14  secured by the TD.

15         10.    Plaintiff financed the Property by obtaining financing from Defendants,

16  GREENPOINT MORTGAGE FUNDING, INC. and by using COASTAL EMPIRE MORTGAGE as a

17  broker.

18         11.    Defendant OCWEN LOAN SERVICING, LLC., and/or BANK OF AMERICA

19  HOME LOANS is the current servicing company of said loan.

20         12.    Based on a recent forensic audit of loan documents, Plaintiff is informed and believe

21  and, based thereon, alleges the following: The lender on this loan is GREENPOINT MORTGAGE

22  FUNDING, INC. and the Plaintiff hired COASTAL EMPIRE MORTGAGE as a broker to help her get

23  the best rate and loan program available. However, GREENPOINT and COASTAL EMPIRE conspired

24  to put Plaintiff into a high-cost loan that she did not want. Plaintiff should have been qualified for a low

25  cost fixed rate loan. GREENPOINT paid $3,521.50 directly to COASTAL EMPIRE to "sell" the

26  Plaintiff an expensive and dangerous loan, at a much higher rate than she qualified for. This amount

27  paid to COASTAL EMPIRE was never disclosed to Plaintiff.

28

13.     Based on a recent forensic audit of loan documents, Plaintiffs is informed and, based thereon, alleges the following: Plaintiff paid DEFENDANT COASTAL EMPIRE $13,008 to represent her best interest and obtain the best loan possible.  At the time of the loan application, the Plaintiff's credit scores were 712, 709, and 724 which are slightly below the highest level of credit, but well above average and considered high enough to qualify for a prime rate and term loan. DEFENDANT GREENPOINT MORTGAGE never offered Plaintiff any other loan product that would have been more beneficial to her despite her high credit scores.   DEFENDANTS COASTAL EMPIRE and GREENPOINT MORTGAGE illegally steered Plaintiff into a high-cost adjustable rate loan when she should have been given a low cost fixed rate loan.

14.     Based on a recent forensic audit of loan documents, Plaintiffs is informed and believes and, based thereon, alleges the following:  Plaintiff told DEFENDANT COASTAL EMPIRE that she was not working and her husband was the only person making money.   However, DEFENDANT COASTAL EMPIRE only listed Plaintiff on the loan application and falsified Plaintiff's income and employment section on the loan application.  DEFENDANT COASTAL EMPIRE not only falsified Plaintiff's income but also listed the amount as much higher than Plaintiff's husband's income. The Plaintiff was not aware that DEFENDANT COASTAL EMPIRE falsified her employment or her income.

15.     Based on a recent forensic audit of loan documents, Plaintiff is informed and believes and, based thereon, alleges the following: DEFENDANT GREENPOINT MORTGAGE FUNDING, INC., violated its duty to verify that the broker did not defraud the Plaintiff.   DEFENDANT GREENPOINT MORTGAGE either knowingly or negligently placed the Plaintiff into an unaffordable without any regard to Plaintiff's financial situation.

16.     Based on a recent forensic audit of loan documents, Plaintiff is informed and believes and, based thereon, alleges the following: GREENPOINT MORTGAGE was only concerned about the points and fees that could be generated from this loan. GREENPOINT MORTAGE engaged in predatory lending by knowingly putting borrower into a loan where the Plaintiff had a chance to afford the payments that were obligated through the mortgage.

17.     Based on a recent forensic audit of loan documents, Plaintiff is informed and believes and, based thereon, alleges the following: DEFENDANT COASTAL EMPIRE engaged in predatory lending by falsifying the Plaintiff's income on her loan application.

18.     Based on a recent forensic audit of loan documents, Plaintiff is informed and believes and, based thereon, alleges the following: A significant discrepancy was found between the Annual Percentage Rate (APR) and total finance charges that were disclosed to Plaintiff by GREENPOINT MORTGAGE on the final truth in lending disclosure and the correct information that should have been disclosed.  The purpose of disclosing APR on the Truth in Lending documents is so the Plaintiff could have been prepared for what would happen to her loan in the future.  The most accurate way to calculate the APR must be with the maximum interest rate allowed on the loan.  Using any index value other than the maximum rate will cause the potential borrower to make a decision about the loan based on inaccurately optimistic interest rates.  Here, GREENPOINT MORTGAGE was negligent in presenting as fact an APR based on the (impossible) situation that the index value would never change over the life of the loan.  The APR was deceptively and fraudulently understate by 1.460%     Plaintiff suffered significant damages because the actual rate the Plaintiff has been charged on this loan is significantly higher than the false APR quoted to her.

19.     Based on a recent forensic audit of loan documents, Plaintiff is informed and believes and, based thereon, alleges the following: The Federal Truth In Lending Disclosure Statements Findings show that the "Finance Charge" and "The total of Payments" were deceptively and fraudulently understated by $336,072.29 and $337,061.88.  The "Amount financed" is fraudulently and deceptively understated by $989.59.

20.     Based on a recent forensic audit of loan documents, Plaintiff is informed and believes and, based thereon, alleges the following: The appraised value of the property was inflated.  Here, the seller of the property gave Plaintiff a $15,000 credit to pay for her closing costs.  The property value was inflated by approximately $15,000 and as a result GREENPOINT MORTGAE charged more money in origination costs and was able to receive interest on the extra money it lent Plaintiff.  Plaintiff suffered because she over-paid for the property which took away from her equity and over time paid much more in closing costs because of the financing costs plus the original amount given to the GREENPOINT

5

MORTGAGE.  In this case, the closing costs were already very high and the broker, COASTAL EMPIRE MORTGAGE received additional money from GREENPOINT MORTGAGE to sell the Plaintiff a higher rate than she would otherwise qualify for.

21.    Based on a recent forensic audit of her loan documents, Plaintiff is informed and believes, and thereon alleges, the following: The Plaintiff's Debt to Income Ratio exceeds the maximum allowed DTI ratio per all usual and customary underwriting guidelines for the ALT-A and/or Sub-Prime Lending.  Here, the Plaintiff was not actually employed at the time the loan was funded.  Her husband was employed but his real income was significantly lower than the amount listed on the loan application. DEFENDANT COASTAL EMPIRE falsified Plaintiff's income on her application and did not follow the lender's underwriting guidelines or perform a thorough analysis of Plaintiff's income. DEFENDANT GREENPOINT MORTGAGE FUNDING was also negligent in verifying Plaintiff's income.

22.    Based on a recent forensic audit of loan documents, Plaintiff is informed and believes and, based thereon, alleges the following:  Because the Plaintiff was put into a loan that she did not understand and with monthly payments that were completely unaffordable, she fell behind on her payments.  The Plaintiff does not really know who owns her mortgage and it appears that the ownership of the note has been illegally transferred.  The plaintiff only found this out when some entity claiming to own her note threatened to foreclose on her property. DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., MERS is identified in the deed of trust as the Beneficiary and "nominee for the Lender, and its successors and assigns." The deed of trust also states that the "Lender may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender." MERS filed an ineffective Substitution of Trustee in favor of Aztec Foreclosure Corporation.  Said "Substitution of Trustee" is ineffective pursuant to the Deed of Trust and Requirements of California state law.  As a business entity which has admitted under penalty of perjury in court proceedings that it is not a "holder in due course" of any promissory note, does not even store or hold promissory notes, and is merely a company that tracks alleged assignments of Deeds of Trusts, and/or promissory notes (without recording said documents in the county in which the

property is located), MERS lacks standing to issue and record a Substitution of Trustee pursuant to California law, as said business entity is not a "holder in due course."

23.     Based on a recent forensic audit of loan documents, Plaintiff is informed and believes and, based thereon, alleges the following: MERS simply does not have standing to foreclose, since it has never originated a loan, never serviced a loan, never held or owned a loan and has never extended credit. MERS does not acquire notes or the debts thereby represented for or without consideration. It has neither the right nor the obligation to service the debts represented by the notes and/or secured by the mortgages. Furthermore, the principal/agent (nominee) relationship between its members and MERS is such that the "close-connectedness doctrine" prevents MERS from qualifying as a holder in due course without notice, even if it did acquire some ownership interest in the debt.

24.     Further, during the course of the loan application, the Notice of Right to Cancel in the closing packet failed to state a transaction date or the expiration date of rescission period. Plaintiff also failed to receive two copies of the Notice of Right to Cancel.

25.     Plaintiff is a Spanish speaker and the loan with GREENPOINT MORTGAGE FUNDING and COASTAL EMPIRE MORTGAGE was negotiated in Spanish. However, the loan documents that Plaintiff was required to sign at the loan's closing were in English and were not translated in writing in Spanish.

26.     Any and all documents Plaintiff received also failed to include initial disclosure and final disclosures, which include RESPA, TILA , ECOA and FCRA disclosures.

27.     Further, in the Notice of Right to Cancel, neither the transaction date nor the expiry of rescission period are completed, and were left blank.

28.     Based on the foregoing facts, Plaintiff began having difficulty paying her mortgage.

29.     As a result, MORTGAGE ELECTORNIC REGISTRATION SYSTEMS, ICN. As nominee for RWPO III, LLC as Beneficiary has executed a NOTICE OF TRUSTEE'S SALE which indicates that Plaintiff's home will be sold at a foreclosure sale on or about September 17, 2009 at 10:00 AM at the South Entrance to the County Courthouse, 220 W. Broadway, San Diego, CA.

30.     On or about September 2, 2009, Kent C. Wilson, Attorney for Plaintiff, sent a Notice of Rescission of Plaintiff's loan by certified U.S. Mail, return receipt requested, to the original lender of

1   Plaintiff's Loan, GREENPOINT MORTGAGE FUNDING INC., with a copy to the Trustee and/or

2   Servicer, Defendant BANK OF AMERICA HOME LOANS, AZTEC FORECLOSURE

3   CORPORATION.  Said Notice indicated that Plaintiff's loan was rescinded for violations of federal and

4   state laws against predatory lending, but not limited to, the Federal Truth in Lending Act and California

5   Civil Code section 1632.  Said notice further demanded that any Notice of Trustee's Sale be retracted.

6   As a result of said notice, Plaintiff alleges that the TD has been cancelled and is void and that Defendant

7   AZTEC FORECLOSURE CORPORATION and/or MERS no longer has any right to sell Plaintiff's

8   home.

### FIRST CLAIM FOR RELIEF
**(Intentional Misrepresentation)**

COMES NOW PLAINTIFF and for a separate and distinct CLAIM FOR RELIEF for

Intentional Misrepresentation against Defendants, allege as follows:

31.     Plaintiff repeats and repleads paragraphs 1 through 22 and incorporates the

allegations by reference as though fully set-forth herein.

32.     Based on  Defendant GREENPOINT MORTGAGE and/or COASTAL EMPIRE

MORTGAGE, failure to verify Plaintiff's income, Plaintiff was able to obtain the subject loan, though

GREENPOINT and/or COASTAL EMPIRE, was clearly aware that Plaintiff could not afford said loan.

Despite that GREEPOINT MORTGAGE and/or COASTAL EMPIRE, put Plaintiff into a loan that she

could not afford.

33.     Further, during the loan application process, Defendants GREENPOINT

MORTGAGE and/or COASTAL EMPIRE, failed to inform Plaintiff of her right to rescind, along with

failing to disclose numerous federal safeguards in the application process.

34.     Defendants GREENPOINT MORTGAGE and/or COASTAL EMPIRE, further failed

to include the Initial Goof Faith Estimate or an Initial TIL within the 3 business days required.

35.     Said Defendants GREENPOINT MORTGAGE and COASTAL EMPIRE made the above referenced false representations knowing of their falsity.  Further, above referenced fraudulent concealments by Defendants were done knowingly.

36.     Said Defendants intended that Plaintiff would rely on said false representations.

37.     Said false representations and fraudulent concealments by Defendants were material.

38.     Plaintiff reasonably relied on the above referenced false representations of said Defendants.

39.     Plaintiff is informed and believes and thereon alleges that as a legal result of the misrepresentation of Defendants, Plaintiff has suffered severe emotional distress in an amount in excess of $500,000 or to be proven at trial.

40.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of Plaintiff's rights.  Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

**SECOND CLAIM FOR RELIEF**

**(Breach of Fiduciary Duty)**

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Breach of Fiduciary Duty against Defendants, allege as follows:

41.     Plaintiff repeats and repleads paragraphs 1 through 40 and incorporates the allegations by reference therein as though set forth below.

42.     By engaging in the conduct hereto described, and in putting Plaintiff into a loan it knew he could not afford, Defendant GREENPOINT MORTGAGE and COASTAL EMPIRE breached fiduciary duties it owed to Plaintiff.

9

43.     As described hereinabove, DEFENDANT GREENPOINT MORTGAGE and/or COASTAL EMPIRE, intentionally failed to verify Plaintiff's income and failed to provide all relevant and material disclosures, causing Plaintiff to be unable to pay her mortgage and ultimately be in the position of being evicted from her home.

44.     DEFENDANT GREENPOINT MORTGAGE and/or COASTAL EMPIRE placed Plaintiff in her current loan without regard for other loans that may have suited Plaintiff better.

45.     DEFENDANT GREENPOINT MORTGAGE and/or COASTAL EMPIRE placed Plaintiff in a loan knowing that it was reasonably foreseeable that Plaintiff would incur bankruptcy as a result of said loan.

46.     DEFENDANT GREENPOINT MORTGAGE and/or COASTAL EMPIRE, placed Plaintiff in a loan when the real estate market was in a free fall, and it was easy to foresee that such market conditions would continue, endangering the Plaintiff's financial stake in her home.

47.     Plaintiff is informed and believes and thereon alleges that as a legal result of Defendant's conduct, Plaintiff has suffered economic damages in an amount in excess of $500,000 or to be proven at trial.

48.     Plaintiff is informed and believes that as a further legal result of Defendant's conduct, Plaintiff has suffered severe emotional distress in an amount in excess of $500,000 or to be proven at trial.

49.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights.  Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

### THIRD CLAIM FOR RELIEF

#### (Breach of Covenant of Good Faith and Fair Dealing)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Breach of Covenant of Good Faith and Fair Dealing against Defendants, allege as follows:

50.     Plaintiff repeats and repleads paragraphs 1 through 49 and incorporates the allegations by reference therein as though set forth below.

51.     At all pertinent times, the agreements entered into between Plaintiff and GREENPOINT MORTGAGE and COASTAL EMPIRE MORTGAGE, contained an implicit covenant of good faith and fair dealing requiring defendants to act honestly and in good faith in the performance and enforcement of the contract(s).

52.     The conduct of GREENPOINT MORTGAGE and/or COASTAL EMPIRE, in failing to verify Plaintiff's income, overstating her income on the application, and failing to disclose material information in the loan application process constitutes a breach of the covenant of good faith and fair dealing.

53.     Plaintiff is informed and believes and thereon alleges that as a legal result of GREENPOINT MORTGAGE and/or COASTAL EMPIRE, Plaintiff has suffered economic damages in an amount in excess of $500,000 or to be proven at trial.

54.     DEFENDANT GREENPOINT MORTGAGE and/or COASTAL EMPIRE, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights.  Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Declaratory Relief against Defendants, allege as follows:

55.     Plaintiff repeats and repleads paragraphs 1 through 54 and incorporates the allegations by reference therein as though set forth below.

56.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties pertaining to the subject property and the described transactions.  Defendants contend that a breach of the obligation secured by the deed of trust has

11

occurred in that Plaintiff failed to make her monthly mortgage payments and thus through the foreclosure process are able to sell the property. Plaintiff contends that she is able to retain possessory rights to the property based on the intentional misstatement of income and lack of disclosure of material information in the loan application process. Plaintiff further contends that she has a right to rescind the loan, note, and TD based upon the violations of state and federal laws against predatory lending alleged in this complaint, including but not limited to, intentional misrepresentation, violations of California Financial Code Section § 4970, et. Seq., specified in his Seventh Claim for Relief and TILA violations specified in his Eleventh Claim for Relief. Plaintiff further contends that said right of recission applies to all named Defendants and that, upon recission, none of the named Defendants will have any interest in the TD that will support a foreclosure against Plaintiff's home or to substitute Defendant MERS and/or AZTEC FORECLOSURE CORPORATION as trustee of the TD. For those reasons, Plaintiff contends that Defendant MERS and/or AZTEC FORECLOSURE CORPORATION, lack standing to sell Plaintiff's home at a foreclosure sale.

57. Plaintiff desires a judicial determination and declaration of the rights of the parties. Such a determination is appropriate at this time so that Plaintiff may determine his rights and duties.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## FIFTH CLAIM FOR RELIEF

### (Quiet Title)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Quiet Title against Defendants, allege as follows:

58. Plaintiff repeats and repleads paragraphs 1 through 57 and incorporates the allegations by reference therein as though set forth below.

59. Plaintiff is the owner in fee of title to property commonly known as 2053 Miller Avenue Escondido, CA 92025. The basis of Plaintiff's title is a grant deed to the property. The Legal Description of said property is as follows:

APN: 236-333-40

LEGAL DESCRIPTION: THE NORTHEASTERLY HALF OF THE SOUTHESTERLY 264 FEET OF LOT 4 IN BLOCK 3 OF HOMELAND ACRES ADDITION TO ESCONDIDO, IN THE CITY OF

ESCONDIDO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE MAP THEREOF NO. 1205, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, SEPTEMBER 1, 1909.

EXCEPTING THEREFROM THE NORTHEASTERLY 241.68 FEET THEREOF.

60.     DEFENDANTS AZTEC FORECLOSURE CORPORATION and/or MERS claim and assert interests in the above-described real property which are adverse to Plaintiff.  The claims of defendants are based on the deeds of trust.

61.     The deeds of trust are invalid and void as to Plaintiff's property because Plaintiff is entitled to offsets against the promissory notes that are secured by the deeds of trusts, and these offsets are greater in amount than the sum that would otherwise be due under the promissory notes, and/or Plaintiff is entitled to rescission of the promissory notes and deeds of trust such that Defendant's claim to the property is released.

62.     Plaintiff seeks to quiet title as of the date the complaint is filed.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

### SIXTH CLAIM FOR RELIEF

#### (Violation of Equal Credit Opportunity Act)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Violation of Equal Credit Opportunity Act against Defendants, allege as follows:

63.     Plaintiff repeats and repleads paragraphs 1 through 62 and incorporates the allegations by reference therein as though set forth below.

64.     The term "adverse action" as defined in the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d)(6), means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the same terms requested.  Such term does not include a refusal to extend the additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

65.     Plaintiff is informed and believes, and thereon alleges, that in the course and conduct of making the mortgage to Plaintiff, Defendants discriminated against Plaintiff on the basis of race,

13

1  color, religion, national origin, sex, marital status, age, receipt of public assistance or because Plaintiff

2  has exercised any of her rights as detailed in the Equal Credit Opportunity Act, all in violation of 15

3  U.S.C. § 1691(a).

4      66.     Plaintiff is informed and believes, and thereon alleges, that in the course and conduct

5  of making the mortgage to Plaintiff, Defendants failed to, within 30 days of receipt of a completed

6  application for credit, notify the Plaintiff of its action on the application in violation of 15 U.S.C. §

7  1691(d)(1).

8      67.     Plaintiff is informed and believes, and thereon alleges, that in the course and conduct

9  of making the mortgage to Plaintiff, Defendants failed to, after taking an adverse action on Plaintiff's

10  request, provide a statement in writing of the reasons as to why an adverse action was taken  in violation

11  of 15 U.S.C. § 1691(d)(2).

12      68.     As a result of Defendant's aforementioned violations, Plaintiff requests actual

13  damages, plus reasonable attorney's fees and costs which were incurred, in addition to other relief

14  Plaintiff may be entitled.

15      69.     Defendants, and each of them, committed the acts herein alleged maliciously,

16  fraudulently, and oppressively, with the reckless disregard of Plaintiff's rights.  Conduct by the

17  Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold,

18  callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants

19  in an amount according to proof.

20      ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

21      **SEVENTH CLAIM FOR RELIEF**

22      **(Violation of California Financial Code § 4970 et seq.)**

23      COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for

24  Violation of Predatory Lending laws against Defendants, allege as follows:

25      70.     Plaintiff repeats and repleads paragraphs 1 through 69 and incorporates the

26  allegations by reference therein as though set forth below.

27      71.     Plaintiff is informed and believes and thereon alleges that the conduct of Defendants

28  DEFENDANT GREENPOINT MORTGAGE and/or COASTAL EMPIRE, was in violation of

California's predatory lending laws, as set forth in Financial Code §4970 et. seq. Said Defendant did not make all required disclosures as required by §4973(f). Further, said Defendant did not reasonably believe that Plaintiff had the ability to repay the loan, and steered Plaintiff into accepting a loan that was risky.

72. As the legal result thereof, Plaintiff is entitled to special damages and general damages, in an amount currently unknown but according to proof at the time of trial.

73. Plaintiff, as the legal result of the actions of the Defendants alleged herein, is entitled to reasonable attorney's fees and costs as the prevailing party pursuant to contract.

74. Defendants DEFENDANT GREENPOINT MORTGAGE and/or COASTAL EMPIRE, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

**EIGHTH CLAIM FOR RELIEF**

**(Negligence)**

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Negligence against Defendants, allege as follows:

75. Plaintiff repeats and repleads paragraphs 1 through 74 and incorporates the allegations by reference therein as though set forth below.

76. Defendants, GREENPOINT MORTGAGE and/or COASTAL EMPIRE as named herein, owed a duty of due care to the Plaintiff. Such duty was breached by negligently placing Plaintiff in the above described loans.

77. As the legal result of such breach, Plaintiff has suffered both monetary and non monetary damages.

78. As the legal result thereof, Plaintiff is entitled to special damages and general damages, in an amount currently unknown but according to proof at trial.

79.     Plaintiff, as the legal result of the actions of the Defendants alleged herein, is entitled to reasonable attorney's fees and costs as the prevailing party pursuant to contract.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

**NINTH CLAIM FOR RELIEF**

**(Usury)**

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Usury against Defendants, allege as follows:

80.     Plaintiff repeats and repleads paragraphs 1 through 79 and incorporates the allegations by reference therein as though set forth below.

81.     As the result of the loans being in violation of California and Federal lending practices violation for predatory lending as alleged above and herein below, such loans are void and the annual interest rate on the loan is usurious in violation of <u>section 1(1) of article XV of the California Constitution</u>, which provides that the interest rate on a loan primarily for personal, family, or household purposes may not exceed 10% per annum, or in violation of <u>section 1(2) of article XV of the California Constitution</u>, which provides that the interest rate on a loan other than one primarily for personal, family, or household purposes may not exceed the greater of 10% per annum or 5% per annum plus the rate established by the Federal Reserve Bank of San Francisco on advances to member banks on the 25th day of the month preceding the earlier of the date of execution of the contract to make the loan or forbearance, or the date of making the loan or forbearance.

82.     Within 2 years preceding the bringing of this action, Plaintiff made payments to defendant   GREENPOINT MORTGAGE and/or BANK OF AMERICA HOME LOANS, and/or OCWEN LOAN SERVICING or its successor on Notes for each loan.

83.     An actual controversy presently exists between the parties as to whether the loan is usurious and as to the amount of principal due on the loan, in that Plaintiff contends as alleged above that the loan is usurious and that all the interest paid on the loan to date and in the future should be credited to the principal, that under <u>Civil Code § 1916-3, subd. (a)</u> interest paid within the year preceding the filing of this action should be trebled and credited to principal, and that defendant is

16

COMPLAINT OF LOURDES SANCHEZ
LOURDES SANCHEZ v GREENPOINT MORTGAGE FUNDING, INC., et. al.

1  barred from accelerating or enforcing Plaintiff's obligation for any breach in payment of interest, while

2  defendant contends the opposite.

3        84.        Plaintiff desires a judicial determination of whether the loan is usurious and as to the

4  principal amount due, if any, on the loan as of the date of trial; otherwise, Plaintiff will be required to

5  pay the loan in full and then sue for money had and received and, if defendant seeks to accelerate or

6  enforce the loan for Plaintiff's default in paying interest, Plaintiff will be compelled to bring an action to

7  enjoin such acts.

8        85.        A judicial declaration is necessary and appropriate at the present time under all the

9  circumstances so that Plaintiff may ascertain her rights and duties as to payment of the loan from

10 defendant.

11       86.        Plaintiff is entitled to recover attorney's fees incurred in bringing and pursuing this

12 action against defendant under the provisions of the loan agreement with defendant.

13       ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

14

15                        **TENTH CLAIM FOR RELIEF**

16                              **(Accounting)**

17       COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for

18 Accounting against Defendants, allege as follows:

19       87.        Plaintiff repeats and repleads paragraphs 1 through 86 and incorporates the

20 allegations by reference therein as though set forth below.

21       88.        The amount of money due, if any, from Plaintiff to Defendants is unknown to

22 Plaintiff and cannot be determined without an accounting.

23                      **ELEVENTH CLAIM FOR RELIEF**

24                        **(Violations of TILA and HOEPA)**

25

26       COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for

27 Violation of TILA and HOEPA against Defendants, allege as follows:

28

89.     Plaintiff repeats and repleads paragraphs 1 through 88 and incorporates the allegations by reference therein as though set forth below.

90.     Plaintiff is informed and believes, and thereon alleges, that Defendants, in concert with its agents, have engaged in acts or practices in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, as amended, including, but not limited to, the Home Ownership and Equity Protection act of 1994 ("HOEPA"), as amended, and TILA's implementing Regulation Z, 12 C.F.R. §226, as amended.

91.     The terms "amount finance," "annual percentage rate," "closed-end credit," "consumer," "consumer credit," "consummation," "credit," "creditor," "dwelling," "finance charge," "mortgage," "open-end credit," "payment schedule," "points and fees," "residential mortgage transaction," "reverse mortgage transaction," "security interest," and "total of payments" are defined as set forth in Sections 103 and 128 of TILA, 15 U.S.C. §§ 1602 and 1638, and Sections 226.2, 226.4, 226.18, 226.22, 226.32, and 226.33 of Regulation Z, 12 C.F.C. §§ 226.2, 226.4, 226.18, 226.22, 226.32, and 226.33.

92.     The term "HOEPA" means Home Ownership and Equity Protection Act of 1994 which, inter alia, amended TILA by adding Section 129 of TILA, 15 U.S.C. § 1639, and is implemented by, inter alia, Sections 226.31 and 226.32 of Regulation Z, 12 C.F.R. §§ 226.31 and 226.32.  HOEPA, which took effect on October 1, 1995, provides special protections for consumers who obtain high-rate or high-fee loans secured by their principal dwellings by requiring creditors to provide certain material information at least three days before the loan is consummated prohibiting the use of certain loan terms, and barring specified practices.

93.     The term "HOEPA mortgage loan" means a consumer credit transaction consummated on or after October 1, 1995, that is secured by the consumer's principal dwelling, other than certain designated exceptions, in which: (1) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity to the loan maturity as of the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (2) the total points and fees payable by the consumer at or before loan closing will exceed the greater of

8% of the total loan amount or $400 (adjusted annually by the Board of Governors of the Federal Reserve System ("FRB") on January 1 by the annual percentage change in the Consumer Price Index that was reported on June1 of the preceding year), which is covered by HOEPA, pursuant to Section 129 of TILA, 15 U.S.C. § 1639, and Section 226.32 of Regulation Z, 12 C.F.R. § 226.32. As used herein, the "total loan amount" is calculated as described in Section 226.32(a)(1)(ii)-1 of the FRB Official Staff Commentary on Regulation Z, 12 C.F.R. § 226.32(a)(1)(ii)-1, Supp.1.

94.     The term "Regulation Z" means the regulation of the FRB promulgated to implement TILA and HOEPA, 12 C.F.R. 226, as amended.   The term also includes the FRB Official Staff Commentary on Regulation Z, 12 C.F.R. 226, Supp.1, as amended.

95.     The term "TILA" means the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j, as amended.   TILA, which took effect on July 1, 1969, is intended to promote the informed use of consumer credit by requiring creditors to disclose credit terms and costs, requiring additional disclosures for loans secured by consumers' homes, and permitting consumers to rescind certain transactions that involve their principal dwellings.

96.     Plaintiff is informed and believe, and thereon allege, that Defendants GREENPOINT MORTGAGE, and/or BANK OF AMERICA HOME LOANS and/or OCWEN LOAN SERVICING is a "creditor," as that term is defined in Section 103(f) of TILA, 15 U.S.C. § 1602(f), and Section 226.2(a)(17) of Regulation Z, 12 C.F.R. § 226.2(1)(17), and therefore is required to comply with applicable provisions of TILA, HOEPA, and Regulation Z.   The loan defendants made to Plaintiff in this action was a HOEPA mortgage loan.

97.     Plaintiff is informed and believes, and thereon alleges, that in the course and conduct of offering and making the HOEPA mortgage loan to Plaintiff, defendants violated the requirements of HOEPA and Regulation Z by failing to make required disclosure in the following respects by:

(a)     failing to disclose in writing the following notice:

You are not required to complete the agreement merely because you have received these disclosures or have signed a loan application. If you obtain the loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan, in violation of

19

Section 129(a)(1) of TILA, 15 U.S.C. § 1639(a)(1), and Section 226.32(c)(1) of Regulation Z, 12 C.F.R. § 226.32(C)(1).

(b)     failing to disclose, or accurately disclose terms, including new disclosures when terms changed prior to consummation per 12 C.F.R. § 226.31 (c)(1)(i):

(i) the annual percentage rate, in violation of Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(2) of Regulation Z, 12 C.F.R. § 226.32 (c)(2);

(ii) the regular payment amount and any balloon payment, in violation of 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(5) of Regulation Z, 12 C.F.R. § 226.32 (c)(5);

(iii) the amount borrowed, in violation of Section 129(a)(2) of TILA, 15 U.S.C. § 1639(a)(2), and Section 226.32(c)(5) of Regulation Z, 12 C.F.R. § 226.32(c)(5);

(c )     Failing to make the disclosures described in Paragraph 30(a) and (b) above clearly and conspicuously in writing at least three business days prior to consummation of a HOEPA mortgage loan transaction, in violation of Section 129(b)(1) of TILA, 15 U.S.C. § 1639(b)(1), and Section 226.31(b) and (c)(1) of Regulation Z, 12 C.F.R. § 226.31(b) and (C)(1).

98.     Plaintiff is informed and believes, and thereon alleges, that in the course and conduct of offering and making the HOEPA mortgage loan to Plaintiff, defendants violated the requirements of HOEPA and Regulation Z by using prohibited loan terms, in the following respects by:

(a)     including a prohibited "balloon payment" provision, in violation of Section 129(e) of TILA, 15 U.S.C. §1639(e), and Section 226.32(d)(1) of Regulation Z, 12 C.F.R. § 226.32 (D)(1); and

(b)     including a prohibited "increased interest rate" after default provision, in violation of Section 129(d) of TILA, 15 U.S.C. § 1639(d), and Section 226.32(d)(4) of Regulation Z, 12 C.F.R. § 226.32(d)94).

99.     Plaintiff is informed and believe, and thereon allege, that in the course and conduct of offering and making the HOEPA mortgage loan to Plaintiff, defendants violated the requirements of HOEPA and Regulation Z prohibiting asset-based lending, by engaging in a pattern or practice of

20

extending such credit to Plaintiff, a consumer, based on Plaintiff's collateral rather than considering Plaintiff's current and expected income, current obligations, and employment status to determine whether the consumer is able to make the scheduled payments to repay the obligation, in violation of Section 129(h) of TILA, 15 U.S.C. § 1639(h), and Section 226.32(e)(1) of Regulation Z, 12 C.F.R. § 226.32(e)(1).

100.    Plaintiff has suffered, and will continue to suffer, substantial injury as a result of defendants' violations of HOEPA and TILA, as set forth above.

101.    Plaintiff is informed and believes, and thereon alleges, that as a result of the conduct of defendants, Plaintiff is entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## TWELFTH CLAIM FOR RELIEF
### (Violation of RESPA)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Violation of RESPA against Defendants, allege as follows:

102.    Plaintiff repeats and repleads paragraphs 1 through 101 and incorporates the allegations by reference therein as though set forth below.

103.    In creating the loan Defendants have engaged in acts or practices in violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.A § § 2601 et seq.

104.    The terms "federally related mortgage loan," "creditor," "thing of value," "settlement services," "title insurance company," "person," "Secretary," "affiliated business arrangement," and "associate" are defined as set forth in 12 U.S.C.A. § 2602.

105.    The term "RESPA loan" means any loan (other than temporary financing such as a construction loan) which is secured by a first or subordinate lien on residential real property (including

individual units of condominiums and cooperatives) designed principally for the occupancy of from one to four families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and is made in whole or in part by any lender the deposits or accounts of which are insured by any agency of the Federal Government, or is made in whole or in part by any lender which is regulated by any agency of the Federal Government, or is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by the Secretary or any other officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary or a housing or related program administered by any other such officer or agency; or is intended to be sold by the originating lender to the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, or a financial institution from which it is to be purchased by the Federal Home Loan Mortgage Corporation; or is made in whole or in part by any "creditor", as defined in <u>section 1602(f) of Title 15</u>, who makes or invests in residential real estate loans aggregating more than $1,000,000 per year. 12 U.S.C.A. § 2602 (A) & (B)(i)(ii)(iii)(iv).

106.    Plaintiff is informed and believes, and thereon alleges, that in the course and conduct of offering and making the RESPA mortgage loan to Plaintiff, defendant GREENPOINT MORTGAGE and/or COASTAL EMPIRE violated the requirements of RESPA by failing to do the following:

(a)    Initial Good Faith Estimate;

(b)    Final Good Faith Estimate:

(c)    Notice of Assignment, Sale or Transfer of Servicing Rights;

(d)    Escrow Account Disclosure

107.    Plaintiff is informed and believes, and thereon allege, that in the course and conduct of offering and making the RESPA mortgage loan to Plaintiff, defendants violated the requirements of RESPA, 12 U.S.C.A. § 2607 by partaking in the following:

(a)    providing a person with a fee, kickback or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

(b)    providing a fee portion, split or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

108.    Plaintiff is informed  and believes, and thereon alleges, that in the course and conduct of offering and making the RESPA mortgage loan to Plaintiff, defendants violated the requirements of RESPA, 12 U.S.C.A. § 2608 by partaking in the following:

(a)    requiring, directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company.

109.    Plaintiff is informed and believes, and thereon alleges, that as a result of the conduct of defendants, Plaintiff is entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## THIRTEENTH CLAIM FOR RELIEF
### (Violation of FCRA)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Violation of FCRA against Defendants, allege as follows:

110.    Plaintiff repeats and repleads paragraphs 1 through 109 and incorporates the allegations by reference therein as though set forth below.

111.    In creating the loan Defendants have engaged in acts or practices in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C.A § § 1681 et seq.

112.    The terms "person," "consumer," "consumer report," "investigative consumer report," "consumer reporting agency," "file," "employment purposes," "medical information," "overdue support," "State or local child support enforcement agency," "adverse action," "firm offer of credit or insurance," "credit or insurance transaction that is not initiated by the consumer," "State," "active duty military consumer," "fraud alert," "active duty alert," "identity theft," "new credit plan," "card issuer," "credit card," "debit card," "account," "electronic fund transfer," "financial institution," "Federal

1  banking agency," "reseller," "Commission," "nationwide specialty consumer reporting agency," are
2  defined as set forth in 15 U.S.C.A. § 1681a.

3     113. Congress enacted the Fair Credit Reporting Act to require that consumer reporting
4  agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit,
5  personnel, insurance, and other information in a manner which is fair and equitable to the consumer,
6  with regard to the confidentiality, accuracy, relevancy, and property utilization of such information in
7  accordance with the requirements of the subchapter.  15 U.S.C.A. § 1681(b).

8     114. Plaintiff is informed and believe, and thereon allege, that in the course and conduct of
9  offering and making the above-noted mortgage to Plaintiff, defendants violated numerous provisions of
10  FCRA, 15 U.S.C.A. § 1681 et seq. as follows:

11     (a) Failure to provide credit scores;

12     (b) Failure to provide Notice to Home Loan Applicant;

13     (c) Failure to provide Notices of Adverse Action;

14     (d) Failure to provide Risk-Based Pricing Notice;

15     (e) Failure to make Investigative Consumer Report Disclosure.

16     115. Plaintiff is informed and believes, and thereon alleges, that as a result of the conduct
17  of defendants, Plaintiff is entitled to rescind the loan transaction, recover certain amounts already paid,
18  including interest, finance charges and closing costs, offset these damages against amounts owing on the
19  loan, and collect statutory damages and attorney fees.

20     ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS  PRAYED.

21         **FOURTEENTH CLAIM FOR RELIEF**

22          **(Slander of Title)**

23     COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Slander
24  of Title against Defendants, allege as follows:

25     116. Plaintiff repeats and repleads paragraphs 1 through 106 and incorporates the
26  allegations by reference therein as though set forth below.

27     117. Plaintiff is informed and believes that Defendants slandered title to the
28  aforementioned property as the facts herein describe.

24

118.     Defendants communicated to a third party a false statement that was derogatory to the Plaintiff's title with actual malice, and intention to cause harm, thus causing special damages.

119.     As mentioned hereinabove, the Defendants improperly attempted to sell Plaintiff's home through a foreclosure sale and have recorded and/or caused to be recorded documents with the San Diego County Recorder's Office which contain false statements and representations, as outlined more particularly above.

120.     Based on the foregoing acts by Defendants, and all of them as mentioned herein, Plaintiff requests reasonable attorney's fees and costs, including but not limited to a request for special damages, to be proven according to proof at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

## FIFTEENTH CLAIM FOR RELIEF

**(Violation of California Business and Professions Code § 17200 et seq.)**

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Violation of California Business and Professions Code against Defendants, allege as follows:

121.     Plaintiff repeats and repleads paragraphs 1 through 120 and incorporates the allegations by reference therein as though set forth below.

122.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the agent and/or employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

123.     Plaintiff are informed and believe and thereon allege that, by reason of Defendants' fraudulent, deceptive, unfair and other wrongful conduct as herein alleged, said Defendants have violated California Business and Professions Code § 17200 et seq. by consummating an unlawful, unfair and fraudulent business practice, designed to deprive Plaintiff of their equity in said property.

124.     By reason of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum which is, as yet, unascertained.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SIXTEENTH CLAIM FOR RELIEF

**(Violation of California Civil Code § 2923.6)**

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Violation of California Civil Code § 2923.6 against Defendants, allege as follows:

125.    Plaintiff repeats and repleads paragraphs 1 through 124 and incorporates the allegations by reference therein as though set forth below.

126.    Plaintiff is informed and believes, and thereon alleges, that at no time during the course of the foreclosure process, nor anytime leading up thereto, was an attempt at a loan modification made by Defendants.

127.    Defendant OCWEN and/or BANK OF AMERICA HOME LOANS, as a servicer under a pooling and servicing agreement, were required to implement a loan modification plan if said loan was in payment default or default was reasonably foreseeable and where anticipated recovery under the modification exceeds the anticipated recovery through foreclosure.

128.    As described hereinabove, Plaintiff was unable to make said loan payments as were initially required, but were able to make payments under a modified payment plan, thus allowing them to retain their home and providing the Defendants with a higher recovery than through the foreclosure process.

129.    Based on the foregoing, Plaintiff is entitled to reasonable attorney's fees and costs as the prevailing party under the loan agreement.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

### SEVENTEENTH CLAIM FOR RELIEF

### (Violation of California Civil Code § 2923.5)

COMES NOW PLAINTIFF, and for a separate and distinct CLAIM FOR RELIEF for Violation of California Civil Code § 2923.5 against Defendants, allege as follows:

130.    Plaintiff repeats and repleads paragraphs 1 through 129 and incorporates the allegations by reference therein as though set forth below.

131.    Plaintiff is informed and believes and thereon alleges that Defendants failed to assess the Plaintiff's financial situation and explore options for Plaintiff to avoid foreclosure, thirty (30) days prior to filing the Default.

132.    Defendants are required to refrain from filing a Default and proceeding with the foreclosure process until after thirty (30) days has passed from the time they attempted to assess the financial situation of the Plaintiff and attempt a "work out" plan.

133.    Further, Defendants were required to reasonably describe any and all due diligence they took in efforts to contact the Plaintiff thirty (30) days before filing the Default.

134.    As evidenced in the facts hereinabove, Plaintiff's mortgage was procured between January 1, 2003 and December 31, 2007 and is an owner-occupied residence and thus the principal residence of the borrower.

135.    Plaintiff is informed and believe, and thereon allege, that as a result of the conduct of defendants, Plaintiff is entitled to rescind the loan transaction, recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees.

## EIGHTEENTH CLAIM FOR RELIEF

### (Violation of California Civil Code § 1632)

COMES NOW PLAINITFF, and for a separate and distinct CLAIM FOR RELIEF for Violation of California Civil Code § 1632 against Defendants, allege as follows:

136.    Plaintiff repeats and repleads paragraph 1 through 135 and incorporate the allegations by reference therein as though set forth below.

137.    Plaintiff is informed and believes and thereon alleges that Defendants engage in a trade or business as described in CC § 1632 and negotiate contracts primarily in Spanish, either orally or in writing a, and are required to provide said contracts to be translated into Spanish.

138.    Plaintiff's primary language is Spanish and during the course of the loan negotiation no pertinent documents were provided in Spanish.

139.    Based on the foregoing violations, Plaintiff is entitled to rescind their contract with Defendants.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED.

ALL FOR WHICH PLAINTIFF PRAY AS FOLLOWS:

**On the First Claim for Relief for Intentional Misrepresentation:**

1.  Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

2.  General damages in an amount in excess of $500,000, or to be proven at trial;

3.  Punitive damages in an amount to be proven at trial;

**On the Second Claim for Relief for Breach of Fiduciary Duty:**

1.  Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

2.  General damages in an amount in excess of $500,000, or to be proven at trial;

3.  Punitive damages in an amount to be proven at trial;

**On the Third Claim for Relief for Breach of Covenant of Good Faith and Fair Dealing:**

1.  Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

2.  General damages in an amount in excess of $500,000, or to be proven at trial;

3.  Punitive damages in an amount to be proven at trial;

4.  Interest according to law;

**On the Fourth Claim for Relief for Declaratory Relief:**

1.  For a declaration that no money is due defendants by Plaintiff, and the trustee has no right to conduct the trustee's sale because no breach has occurred.

2.  For a declaration that no tender is required based on the lack of attempt at loan modification by the Defendants.

**On the Fifth Claim for Relief for Quiet Title:**

1.  Judgment that Plaintiff is the owner in fee simple of the properties and that defendants have no interest in the properties adverse to Plaintiff;

**On the Sixth Claim for Relief for Violation of Equal Credit Opportunity Act:**

1.  Actual damages in an amount to be proven at trial;

28

2. Punitive damages in an amount to be proven at trial;

**On the Seventh Claim for Relief of Violation of CA Financial Code § 4970:**

1. Actual damages in an amount to be proven at trial;

2. Punitive damages in an amount to be proven at trial;

**On the Eighth Claim for Relief for Negligence:**

1. Compensatory damages in an amount in excess of $500,000, or to be proven at trial;

2. General damages in an amount in excess of $500,000, or to be proven at trial;

3. Punitive damages in an amount to be proven at trial;

**On the Ninth Claim for Relief for Usury:**

1. For a declaration:

   a. That the loan agreement between Plaintiff and Defendants provides for an annual interest rate in excess of that permitted by law;

   b. That the interest payments Plaintiff has made on the loan from Defendants acted to reduce the principal amount due on that loan;

   c. That the interest payments Plaintiff has made within the year preceding the filing of this action should be trebled and then credited to payment of the principal amount due on the loan from Defendants;

   d. That Plaintiff owe no further interest on the obligation to Defendants;

   e. That Defendants are barred from accelerating or enforcing Plaintiff' obligation to Defendants for Plaintiff' failure to pay interest on the obligation; and

   f. The amount of principal owing to Defendants as of the date of trial.

**On the Tenth Claim for Relief for an Accounting:**

29

1. The court render an accounting between the parties, determining the amount, if any, actually due and owing from Plaintiff.

**On the Eleventh Claim for Relief for Violations of TILA and HOEPA:**

1. Rescission;

2. Damages;

3. Offset of amounts owing;

**On the Twelfth Claim for Relief for Violations of RESPA:**

1. Rescission;

2. Damages;

3. Offset of amounts owing;

**On the Thirteenth Claim for Relief for Violations of FCRA:**

1. Rescission;

2. Damages;

3. Offset of amounts owing;

**On the Fourteenth Claim for Relief for Slander of Title:**

1. Special damages to be proven at trial;

2. General damages to be proven at trial;

**On the Fifteenth Claim for Relief for Violation of CA Bus & Prof Code §17200 et seq.:**

1. General damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

**On the Sixteenth Claim for Relief for Violation of CA Civil Code § 2923.6:**

1. General damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

**On the Seventeenth Claim for Relief for Violation of CA Civil Code § 2923.5:**

1. General damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

3. Rescission;

**On all Claims for Relief:**

1. Costs of suit;

2. Attorneys fees; and

3. Such other relief as the court deems just and proper.

DATED: _Sept 14_, 2009                          KENT C. WILSON

By: _____

Kent C. Wilson
Attorney for Plaintiff

# VERIFICATION

I am a Plaintiff in the above entitled action or proceeding.  I am a Spanish speaker.  The contents of the Complaint have been read to me by a person I trust to translate English into Spanish and Spanish into English.  I know the contents of the foregoing document(s) "Complaint" is true of my own knowledge except as to those matters which are stated upon my information and belief and as to those matters I believe to be true.  This verification was signed in the City of *SAN MARCOS, CA*

DATED: *SEPT. 11* , 2009

LOURDES SANCHEZ

1

VERIFICATION

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
LOURDES SANCHEZ  an individual v. GREENPOINT MORTGAGE FUNDING, et al.

## **PROOF OF SERVICE BY MAIL**

I declare that I am a citizen of the United States and reside in City of San Diego, State of California.  I am over the age of 18 years and not a party to the within case or proceeding.  My business address is 943 Imperial Avenue, Suite "G," Calexico, CA 92231 and ONE AMERICAN PLAZA, 600 West Broadway, 7th Floor, San Diego, CA 92101.

On _____,2009, I served a true and correct copy of the within document entitled: "COMPLAINT OF LOURDES SANCHEZ " on the parties to this action by causing the above said document(s) to be enclosed in a sealed envelope, postage prepaid, deposited with the U.S. Postal Service addressed as follows:

I certify and declare the above to be true under penalty of perjury and that this proof of service is dated _____, 2009, at San Diego, California.

By: _____
           Kent C. Wilson
           Attorney At Law

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LOURDES SANCHEZ

**DEFENDANTS**
GREENPOINT MORTGAGE FUNDING, INC.

2009 SEP 14  AM 10: 48

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KENT C. WILSON, ESQ., 943 IMPERIAL AVENUE SUITE G
CALEXICO CA 92231 (760) 357-1193

Attorneys (If Known)

'09 CV 2005 JM   WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☒ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 691 et seq., 15 usc1601 et seq., 12 usc 2601 et seq., 15 usc 1681 et seq.,
Brief description of cause:
RESPA, TILA Equal Credit Opportunity, Fair Credit Report Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   9/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  5167   AMOUNT  350✓   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

9/14/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005167
Cashier ID: sramirez
Transaction Date: 09/14/2009
Payer Name: WILSON ATTY AT LAW
-----------------------------------
CIVIL FILING FEE
 For: SANCHEZ V. GREENPOINT
 Case/Party: D-CAS-3-09-CV-002004-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 1991
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```