1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LOURDES SANCHEZ,                           CASE NO. 09 CV 2005 JM (WMC)

12                                Plaintiff,     **ORDER GRANTING IN PART
                                                 AND DENYING IN PART**
13                                               **DEFENDANTS OCWEN LOAN
                                                 SERVICING, LLC AND RWPO**
14       vs.                                     **III, LLC'S MOTION TO
                                                 DISMISS; GRANTING**
15                                               **DEFENDANT GREENPOINT
                                                 MORTGAGE FUNDING INC.'S**
16                                               **MOTION TO DISMISS; and
                                                 GRANTING PLAINTIFF'S**
17   GREENPOINT MORTGAGE                         **MOTION FOR LEAVE TO FILE**
     FUNDING, INC., BANK OF AMERICA              **A SECOND AMENDED**
18   HOME LOANS, ASTEC                           **COMPLAINT**
     FORECLOSURE CORPORATION,
19   OCWEN LOAN SERVICING, LLC,                  Doc. No. 19, 20, 22
     COASTAL EMPIRE MORTGAGE,
20   MORTGAGE ELECTRONIC
     REGISTRATION SYSTEMS, INC., as
21   nominee for RWPO III, LLC as
     beneficiary and DOES 1-20, inclusive,
22
                                Defendants.
23          Plaintiff Lourdes Sanchez ("Plaintiff") filed this action raising claims related to a residential

24   mortgage transaction.  (Doc. No. 1).  After Defendants Ocwen Loan Servicing, LLP ("Ocwen") and

25   RWPO III, LLC ("RWPO") filed a motion to dismiss the complaint, Plaintiff filed a first amended

26   complaint ("FAC") as a matter of course.  (Doc. Nos. 5, 14).  Ocwen and RWPO then filed a motion

27   to dismiss the FAC.  (Doc. No. 19).  In addition, Defendant GreenPoint Mortgage Funding, Inc.

28   ("GreenPoint") filed a separate motion to dismiss.  (Doc. No. 20).  Plaintiff filed oppositions and a

1   motion for leave to file a second amended complaint.  (Doc. Nos. 22, 23, 24).  GreenPoint filed a

2   reply.  (Doc. No. 26).

3        The court finds this matter appropriate for determination without oral argument.  *See* CivLR

4   7.1(d)(1).  For the following reasons, the court hereby GRANTS IN PART and DENIES IN PART

5   Ocwen and RWPO's motion to dismiss.  The court GRANTS GreenPoint's motion to dismiss.

6   Furthermore, the court hereby GRANTS Plaintiff's motion for leave to file a second amended

7   complaint no later than March 19, 2010.

8   **I.    BACKGROUND**

9        In July 2007, Plaintiff purchased a home with financing borrowed from GreenPoint.  (FAC

10  ¶ 9).  Plaintiff used Defendant Coastal Empire Mortgage as her broker.  (FAC ¶ 10).  Plaintiff is a

11  Spanish speaker and negotiated the loan in Spanish.  (FAC ¶ 25).  Nonetheless, Plaintiff's loan

12  documents were all in English.  (FAC ¶ 25).  Defendant Bank of America Home Loans ("BOA") and

13  Ocwen are or were Plaintiff's loan servicers.  (FAC ¶ 11).  At some point, "Plaintiff began having

14  difficulty paying her mortgage."  (FAC ¶ 28).  As a result, Plaintiff received notice of a trustee's sale

15  indicated that Plaintiff's home would be sold at a foreclosure sale in September 2009.  (FAC ¶ 29).

16  Sometime in the last year, Plaintiff conducted a "forensic audit" which allegedly revealed various

17  irregularities and legal violations related to Plaintiff's loan.  (FAC ¶¶ 12-24).

18  **II.   LEGAL STANDARD**

19       A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings.  *De*

20  *La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  In evaluating the motion, the court must construe

21  the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in

22  the complaint and any reasonable inferences drawn therefrom.  *See, e.g., Broam v. Bogan*, 320 F.3d

23  1023, 1028 (9th Cir. 2003).  While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases,

24  the complaint's "factual allegations must be enough to raise a right to relief above the speculative

25  level."  *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *Bell Atlantic Corp. v.*

26  *Twombly*, 550 U.S. 544, 555 (2007).  The court should grant 12(b)(6) relief only if the complaint lacks

27  either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory.  *Balistreri*

28  *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**III.     DISCUSSION**

Plaintiff alleges nine claims against the various defendants: (1) intentional misrepresentation; (2) quiet title; (3) violation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (4) violation of Truth in Lending Act ("TILA"); (5) violation of RESPA, 12 U.S.C. §§ 2607, 2608; (6) violation of California Business and Professions Code section 17200; (7) violation of California Civil Code section 2923.6; (8) violation of California Civil Code section 2923.5; and (9) violation of California Civil Code section 1632.[1]

**A.     Ocwen and RWPO's Motion to Dismiss**

**1.     Claims Not Asserted Against Ocwen and RWPO**

Ocwen and RWPO seek to dismiss a number of claims that Plaintiff does not appear to assert against Ocwen and RWPO.  In her opposition, Plaintiff verifies that these claims are indeed not alleged against Ocwen and RWPO.  Therefore, insofar as it is necessary, the court dismisses the first (intentional misrepresentation), fourth (Truth in Lending Act), fifth, (RESPA §§ 2607 and 2608), and sixth (Cal. Civ. Code § 17200) claims against Ocwen and RWPO.

In addition, Plaintiff contends that in her second amended complaint, she will not assert the seventh (Cal. Civ. Code. § 2923.6) and ninth (Cal. Civ. Code § 1632) claims against any defendant. This admission indicates that Plaintiff has not and cannot state a claim for violations of these statutes. Therefore, the court dismisses these claims without leave to amend.

**2.     Quiet Title**

To state a claim to quiet title, a complaint must be verified and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. Code § 761.020.  The court concludes that Plaintiff fails to sufficiently allege a cause of action for quiet title against Ocwen and RWPO.  Plaintiff fails to allege the "specific adverse claims" that form the basis of her cause of action.  *See id.* cmt. at ¶ 3.  Instead, Plaintiff brings this

---

[1] The caption of Plaintiff's first amended complaint mistakenly lists ten claims, including a claim for breach of fiduciary duty.

claim "against all Defendants claiming a right or interest," but then fails to make specific, factual allegations against either Ocwen or RWPO.  (FAC ¶ 41-44).  This is insufficient to provide Ocwen and RWPO with notice of the grounds upon which Plaintiff bases her cause of action.  Accordingly, the Court grants Ocwen and RWPO's motion to dismiss Plaintiff's claim for quiet title.

### 3.   RESPA, 12 U.S.C. § 2605

Section 2605(e) requires "any servicer of a federally related mortgage loan" to acknowledge receipt of a "qualified written request" within twenty days of receipt.  In addition, the loan servicer must, within sixty days of receipt, "make appropriate corrections in the account,"or conduct an investigation and provide the borrow with a written explanation of why no corrections are warranted or why the information requested is unavailable.  *See* 12 U.S.C. § 2605(e).  Plaintiff alleges that she submitted a "qualified written request" through counsel on September 2, 2009, but Ocwen never responded.  (FAC ¶¶ 48-49).

In opposition, Ocwen requests that the court take judicial notice of a letter purported to be Ocwen's response.  The court declines to take judicial notice of this letter.  First of all, only the second page of the letter is attached to Ocwen's request for judicial notice, therefore the court is unable to verify whether this letter is addressed to Plaintiff or responsive to Plaintiff's request.  (*See* Doc. No. 19).  More importantly, however, Ocwen's letter is neither a public record nor a document referenced in the complaint.  *See Branch v. Tunnel*, 14 F.3d 449, 453-54 (9th. Cir. 1994).

Plaintiff has sufficiently pled a violation of section 2605 against Ocwen.  Whether Plaintiff actually sent a qualified written request, and whether Ocwen responded sufficiently, are questions of fact that will not be determined at the pleading stage.  Therefore, the court denies Ocwen's motion to dismiss Plaintiff's fifth claim.

### 4.   California Civil Code section 2923.5

Plaintiff fails to state a claim under section 2923.5.  Her allegations merely recite the statutory language, without providing sufficient factual allegations to state a claim.  As Ocwen and RWPO point out, Plaintiff appears to connect the lack of an actual loan modification with a failure to consider a loan modification and contact Plaintiff.  This is not enough; Plaintiff must provide more detailed factual allegations.  Therefore, Ocwen and RWPO's motion to dismiss is granted as to Plaintiff's

1    eighth claim.

2         **B.    GreenPoint's Motion to Dismiss**

3              **1.    Claims Not Asserted Against GreenPoint**

4         Plaintiff's FAC does not purport to allege the third (RESPA § 2605), seventh (Cal. Civ. Code

5    § 2923.6), or ninth (Cal Civ. Code §1632) claims against GreenPoint.  Therefore, insofar as it is

6    necessary, the court grants GreenPoint's motion to dismiss those claims.

7              **2.    Intentional Misrepresentation**

8         Under California law, the elements of fraud are false representation, knowledge of its falsity,

9    intent to defraud, justifiable reliance, and damages.  *See Bank of the West v. Valley Nat'l Bank of Ariz.*,

10   41 F.3d 471, 477 (9th Cir. 1994) (citation and quotation marks omitted).

11   Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity.  "Rule

12   9(b)'s particularity requirement applies to state-law causes of action."  *Vess v. Ciba-Geigy Corp. USA*,

13   317 F.3d 1097, 1103 (9th Cir. 2003).  "Averments of fraud must be accompanied

14   by 'the who, what, when, where, and how' of the misconduct charged."  *Id.* at 1106 (quoting

15   *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  "'[A] plaintiff must set forth more than

16   the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false

17   or misleading about a statement, and why it is false.'"  *Id.* (quoting *Decker v. GlenFed, Inc.* (*In re*

18   *GlenFed, Inc. Sec. Litig.*), 42 F.3d 1541, 1548 (9th Cir. 1994)).  On a claim for fraud, then, a "pleading

19   is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can

20   prepare an adequate answer from the allegations."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d

21   531, 540 (9th Cir. 1989) (citation omitted).  "While statements of the time, place and nature of the

22   alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not.  *Id.*  Further,

23   Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual

24   defendants.  *Id.*

25        Plaintiff's FAC falls short of the specificity required by Rule 9(b).  Plaintiff lacks factual

26   allegations about specifically who made the false representations, when they were made, or how they

27   were false.  Therefore, the court grants GreenPoint's motion to dismiss Plaintiffs intentional

28   misrepresentation claim.

### 2. Quiet Title

As already discussed, Plaintiff fails to state a claim for quiet title. Therefore, the court dismisses this claim against GreenPoint.

### 3. TILA

A request for any damages under TILA is subject to a one year statute of limitations, typically running from the date of the loan execution. 15 U.S.C. §1640(e). The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consummation. *King v. State of California*, 784 F.2d 910, 914-15 (9th Cir. 1986).

Although Plaintiff claims that facts to support her TILA claim were discovered during a "forensic audit" conducted in the past year, this allegation is insufficient to toll the statute of limitations. Plaintiff does not allege any facts to suggest that equitable tolling is appropriate; any irregularities in the loan would have been apparent from the face of the documents she received at closing. Therefore, the court grants GreenPoint's motion to dismiss Plaintiff's TILA claim.

### 4. RESPA (§§ 2607, 2608)

The statute of limitations applicable to RESPA claims—other than those pursuant to section 2605—is one year. *See* 12 U.S.C. § 2614. As already discussed, Plaintiff fails to allege sufficient facts to toll the statute of limitations. Therefore, the court grants GreenPoint's motion to dismiss Plaintiff's RESPA claim.

### 5. California Civil Code section 2923.5

As already discussed, Plaintiff fails to state a claim under section 2923.5. Therefore, the court grants GreenPoint's motion to dismiss this claim.

### 6. California Business and Professions Code section 17200

California Business and Professions Code section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. As asserted, Plaintiff's section 17200 claim requires a predicate violation of a state or federal law. *See In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 965 (N.D. Cal. 2007). As all of Plaintiff's other claims have been dismissed, Plaintiff's section 17200 claim must also fail.

IV.    **CONCLUSION**

For the foregoing reasons, the court hereby GRANTS IN PART and DENIES IN PART Ocwen and RWPO's motion to dismiss.  The court GRANTS GreenPoint's motion to dismiss.  The court GRANTS Plaintiff's motion for leave to file a second amended complaint.  Plaintiff's second amended complaint shall address the deficiencies noted in this order and be filed no later than March 19, 2010.

**IT IS SO ORDERED.**

DATED:  March 4, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge