# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOURDES SANCHEZ,<br><br>                    Plaintiff,<br><br>vs.<br><br><br>GREENPOINT MORTGAGE FUNDING, INC., BANK OF AMERICA HOME LOANS, ASTEC FORECLOSURE CORPORATION, OCWEN LOAN SERVICING, LLC, COASTAL EMPIRE MORTGAGE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for RWPO III, LLC as beneficiary and DOES 1-20, inclusive,<br><br>                    Defendants. | CASE NO. 09 CV 2005 JM (WMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS OCWEN LOAN SERVICING, LLC AND RWPO III, LLC'S MOTION TO DISMISS; and GRANTING DEFENDANT GREENPOINT MORTGAGE FUNDING INC.'S MOTION TO DISMISS**<br><br>Doc. Nos. 35, 36 |

Plaintiff Lourdes Sanchez ("Plaintiff") filed this action raising claims related to a residential mortgage transaction. (Doc. No. 1). After Defendants Ocwen Loan Servicing, LLP ("Ocwen") and RWPO III, LLC ("RWPO") filed a motion to dismiss the complaint, Plaintiff filed a first amended complaint ("FAC") as a matter of course. (Doc. Nos. 5, 14). Ocwen and RWPO then filed a motion to dismiss the FAC. (Doc. No. 19). In addition, Defendant GreenPoint Mortgage Funding, Inc. ("GreenPoint") filed a separate motion to dismiss. (Doc.

No. 20). The court granted in part and denied in part Ocwen and RWPO's motion to dismiss, and granted Greenpoint's motion to dismiss. (Doc. No. 33). With leave of court, Plaintiff filed a second amended complaint ("SAC"). (Doc. No. 34). All three parties have now filed motions to dismiss Plaintiff's second amended complaint. (Doc. Nos. 35, 36).

The court finds this matter appropriate for determination without oral argument. *See* CivLR 7.1(d)(1). For the following reasons, the court hereby GRANTS IN PART and DENIES IN PART Ocwen and RWPO's motion to dismiss without leave to amend. The court GRANTS GreenPoint's motion to dismiss without leave to amend.

## I.  BACKGROUND

In July 2007, Plaintiff purchased a home with financing borrowed from GreenPoint. (SAC ¶ 6). Plaintiff used Defendant Coastal Empire Mortgage as her broker. (SAC ¶ 8). Ocwen was Plaintiff's loan servicer. (SAC ¶ 7). At some point, "Plaintiff began having difficulty paying her mortgage." (SAC ¶ 20). As a result, Plaintiff received notice of a trustee's sale indicating that Plaintiff's home would be sold at a foreclosure sale in September 2009. (SAC ¶¶ 20, 23). Sometime in the last year, Plaintiff conducted a "forensic audit" which allegedly revealed various irregularities and legal violations related to Plaintiff's loan. (SAC ¶ 81).

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating the motion, the court must construe the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. *See, e.g., Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. *Balistreri v. Pacifica Police*

1  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. DISCUSSION

### A. Ocwen and RWPO's Motion to Dismiss

Plaintiff asserts just two claims against Ocwen and RWPO in her second amended complaint: (1) violation of RESPA section 2605; and (2) quiet title.

#### 1. RESPA, 12 U.S.C. § 2605

The court has already found that Plaintiff stated a claim for relief under RESPA section 2605 in her first amended complaint. (*See* Doc. No. 33). Accordingly, Ocwen and RWPO's motion to dismiss the claim is denied.

#### 2. Quiet Title

Plaintiff has not repaired the deficiencies of her first amended complaint with her second amended complaint. Indeed, it appears that Plaintiff has failed to amend her quiet title claim in any fashion.

To state a claim to quiet title, a complaint must be verified and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. Code § 761.020. The court concludes once again that Plaintiff fails to sufficiently allege a cause of action for quiet title against Ocwen and RWPO. Plaintiff fails to allege the "specific adverse claims" that form the basis of her cause of action. *See id.* cmt. at ¶ 3. Instead, Plaintiff brings this claim "against all Defendants claiming a right or interest," but then fails to make specific, factual allegations against either Ocwen or RWPO. (FAC ¶ 41-44). This is insufficient to provide Ocwen and RWPO with notice of the grounds upon which Plaintiff bases her cause of action. Accordingly, the Court grants Ocwen and RWPO's motion to dismiss Plaintiff's claim for quiet title without leave to amend.

### B. GreenPoint's Motion to Dismiss

In her second amended complaint, Plaintiff asserts four claims against Greenpoint: (1)

intentional misrepresentation; (2) fraudulent concealment; (3) violation of TILA; and (4) violation of RESPA.

### 1.     Intentional Misrepresentation / Fraudulent Concealment

Under California law, the elements of fraud are false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages. *See Bank of the West v. Valley Nat'l Bank of Ariz.*, 41 F.3d 471, 477 (9th Cir. 1994) (citation and quotation marks omitted). Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id.* (quoting *Decker v. GlenFed, Inc.* (*In re GlenFed, Inc. Sec. Litig.*), 42 F.3d 1541, 1548 (9th Cir. 1994)).  On a claim for fraud, then, a "pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (citation omitted). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. *Id.* Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. *Id.*

Plaintiff's SAC, like her FAC, falls short of the specificity required by Rule 9(b). Plaintiff still lacks adequate factual allegations about specifically who made the false representations, when they were made, or how they were false. Insofar as Plaintiff provides any specificity, she does not identify specific fraudulent conduct by Greenpoint. Therefore, the court grants GreenPoint's motion to dismiss Plaintiff's intentional misrepresentation claim. Furthermore, Plaintiff has failed to fix the pleading deficiencies in two amended complaints. Accordingly, the motion to dismiss is granted without leave to amend.

/ / /

### 2. TILA

A request for any damages under TILA is subject to a one-year statute of limitations, typically running from the date of the loan execution. 15 U.S.C. §1640(e). The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consummation. *King v. State of California*, 784 F.2d 910, 914-15 (9th Cir. 1986).

Although Plaintiff claims that facts to support her TILA claim were discovered during a "forensic audit" conducted in the past year, this allegation is insufficient to toll the statute of limitations. The information showing any irregularities in the loan would have been contained in the documents she received at closing. Plaintiff argues that she would "need the assistance of a mortgage professional in order to determine the true cost of the loan," and therefore equitable tolling is appropriate. But Plaintiff still fails to explain why she was unable to obtain the assistance of a "mortgage professional" prior to the running of the statute of limitations. Therefore, the court grants GreenPoint's motion to dismiss Plaintiff's TILA claim without leave to amend.

### 3. RESPA (§§ 2607, 2608)

The statute of limitations applicable to RESPA claims—other than those pursuant to section 2605—is one year. *See* 12 U.S.C. § 2614. As already discussed, Plaintiff fails to allege sufficient facts to toll the statute of limitations. Therefore, the court grants GreenPoint's motion to dismiss Plaintiff's RESPA claim.

### C. Ocwen and RWPO's Motion to Expunge Lis Pendens

To maintain her lis pendens, Plaintiff must show the existence of a real property claim, that is, a claim "that affects title or possession of the subject property." *Urez Corp. v. Superior Court*, 190 Cal. App. 3d 1141, 1149 (1987). Plaintiff's RESPA claim will not affect title or possession of the subject property. As all other claims are dismissed, Plaintiff can have no basis for maintaining the lis pendens. Accordingly, the court grants Defendants' motion to expunge the lis pendens.

### IV.   CONCLUSION

For the foregoing reasons, the court hereby GRANTS IN PART and DENIES IN PART Ocwen and RWPO's motion to dismiss without leave to amend.  The court GRANTS GreenPoint's motion to dismiss without leave to amend.  The court GRANTS Ocwen and RWPO's motion to expunge the lis pendens.  Ocwen shall file an answer to Plaintiff's complaint no later than June 4, 2010.

**IT IS SO ORDERED.**

DATED: May 10, 2010

Hon. Jeffrey T. Miller
United States District Judge