1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                        SOUTHERN DISTRICT OF CALIFORNIA

9

LOURDES SANCHEZ,                        )    Case No. 09cv2005 JM (WMc)
10                                          )
                Plaintiff,              )
11                                          )    **REPORT AND RECOMMENDATION**
v.                                      )    **OF UNITED STATES MAGISTRATE**
12                                          )    **JUDGE RE: DISMISSAL OF ACTION**
GREEN POINT MORTGAGE FUNDING,           )    **UNDER RULE 37 OF THE FEDERAL**
13  INC., BANK OF AMERICA HOME             )    **RULES OF CIVIL PROCEDURE**
LOANS, AZTEC FORECLOSURE            )
14  CORPORATION, OCWEN LOAN               )
SERVICING, LLC, COASTAL EMPIRE     )
15  MORTGAGE, MORTGAGE ELECTRONIC         )
REGISTRATION SYSTEMS, INC., as      )
16  nominee for RWPO III, LLC as beneficiary )
and DOES 1-20, inclusive,           )
17                                          )
                Defendants.             )
18  _____ )

19                                    **I.**

20                            **INTRODUCTION**

21          On January 10, 2011, the Court held an Order to Show Cause Hearing ("OSC") in the above-

22  captioned matter.  The Court convened the January 10, 2011 OSC because Plaintiff's attorney, Kent

23  Wilson, failed to appear for a telephonic Status Conference.  For the reasons set forth below, the

24  Court **REPORTS** that Attorney Kent Wilson is in civil contempt of Court and **RECOMMENDS**

25  that this case be dismissed for failure to comply with the court's discovery orders as well as failure

26  to prosecute under Rules 16 and 37 of the Federal Rules of Civil Procedure.

27  ///

28  ///

## II.

## FACTUAL BACKGROUND

On September 14, 2009, Attorney Kent Wilson filed the verified complaint of Plaintiff Lourdes Sanchez against Defendants alleging violations of the following federal statutes: (1) the Truth in Lending Act, 15 U.S.C. § 1601; and (2) the Real Estate Settlement Procedures Act, 12 U.S.C.A. § 2601. The complaint's prayer seeks statutory and general damages as well as a rescission. [Second Amended Complaint at Doc. No. 34.]

## III.

## PROCEDURAL HISTORY

## A. FAILURE TO PARTICIPATE IN RULE 26(f) CONFERENCE

On September 1, 2010, the Court issued an Order Setting Rule 26 Compliance and Notice of Case Management Conference. [Doc. No. 54.] As set forth in the September 1, 2010 Order, the parties were instructed to participate in a Rule 26(f) conference no later than September 20, 2010. [Doc. No. 54, at 1:27.] On September 27, 2010, Defendants filed an *Ex Parte Application* for Continuance of the scheduled Case Management Conference and deadline for submission of a joint discovery plan. Defendants requested the continuance because Plaintiff's counsel failed to meet and confer with defense counsel regarding initial disclosures and informed opposing counsel via email that he was no longer licensed to practice law in California and intended to send withdrawal notices to the Court. [*See* Defendant's Ex Parte App., Doc. No. 56 at 2:4-2:13.]

After considering the Defendant's *ex parte* application, the Court vacated the in-person Case Management Conference and held a status conference telephonically in lieu of a lengthy or costly in-person appearance for the parties. [Doc. No. 58.] During the October 8, 2010 teleconference, the Court spoke with counsel for Plaintiff and Defendant. Plaintiff's counsel stated that while he had not yet filed a notice of withdrawal, he had a voluntary resignation pending with the State Bar of California. Based on those representations from Plaintiff's attorney, the Court ordered a further telephonic status conference in 60 days to learn the progress of the intended notice of withdrawal and resignation. The Court's order following the telephonic status conference set a further teleconference for December 8, 2010. [Doc. No. 59.]

**B.  FAILURE TO APPEAR FOR TELEPHONIC STATUS CONFERENCE**

As noted above, a telephonic Status Conference was scheduled for December 8, 2010 in the above-entitled case.  The Court's Order, dated October 8, 2010, stated:

> On October 8, 2010, the Court held a telephonic Status Conference.  Kent Wilson, Esq., appeared for Plaintiff.  Rebecca Wilson, Esq., appeared for Defendant.  After hearing from counsel of record, the Court will hold a further telephonic Status Conference on **December 8, 2010 at 9:15 a.m.  Counsel for Defendant Ocwen** is ordered to contact opposing counsel on the day and at the time indicated above and then initiate a **joint call** to chambers at 619-557-6624."

[Doc. No. 59.]

Plaintiff's counsel failed to appear on the teleconference and failed to notify the Court he would not participate.

**C.  FAILURE TO APPEAR AT OSC HEARING**

After Plaintiff's counsel's failure to appear, the Court issued an Order to Show Cause hearing on January 10, 2011 requiring Plaintiff's counsel to personally appear and explain why he did not participate in the scheduled telephonic Status Conference.  The Order to Show Cause stated:

> "The OSC hearing will be held on **January 10, 2011 at 2:00 p.m.** in the chambers of Magistrate Judge McCurine, 940 Front St., Courtroom C, San Diego, CA 92101. **IT IS FURTHER ORDERED** that **on or before January 5, 2011**, Plaintiff's counsel shall provide a meaningful written response explaining the failure to appear. The response shall be filed electronically and served on opposing counsel."

[Doc. No. 61 at 2:5-9.]

Plaintiff's counsel did not submit a response to the Court explaining his failure to appear telephonically for the Status Conference.  Additionally, Plaintiff's counsel failed to appear at the Order to Show Cause hearing.  He neither notified the Court he was unable to appear, nor requested an alternate hearing date.

**IV.**

3

**LEGAL STANDARD**

According to Federal Rule of Civil Procedure 16(f), if a party: (1) fails to obey a scheduling or pretrial order; or (2) fails to appear at a scheduling or pretrial conference, the Court may order sanctions, including dismissal of the action. *See* Fed. R.Civ.P. 16(f) (stating "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii).) Specifically, under Rule 37(b)(2)(A)(v) the Court may issue an order "dismissing the action or proceeding in whole or in part" for failure to comply with the court's orders. *See* Fed. R.Civ.P. 37(b)(2)(A)(v).     **V.**

**DISCUSSION**

Plaintiff's counsel's failure to comply with two of this Court's Orders requiring his appearance at a StauscConference and an OSC hearing falls within the scope of Rules 16 and 37 of the Federal Rules of Civil Procedure.

First, despite the Court's order directing the parties to begin initial discovery under Rule 26 of the Federal Rules of Civil Procedure, Plaintiff's counsel failed to meet and confer with Defendant regarding the parties' exchange of initial disclosures.

Second, Plaintiff's counsle failed to appear either telephonically for the December 8, 2010 Status Conference. He did not notify the Court of an inability to attend, nor did he request an alternate date.

Third, the Order to Show Cause dated December 8, 2010 required Plaintiff's counsel to appear on January 10, 2011 to show cause why he failed to attend the Status Conference. Plaintiff was further ordered to file a response with the Court explaining why he failed to appear at the Status Conference. Plaintiff's counsel failed to provide a response to the Court and again failed to appear at the OSC hearing on January 10, 2011.

Despite the numerous opportunities the Court has provided for Plaintiff's counsel to contact the Court and participate in the prosecution of this case, Plaintiff's counsel has not complied with the court's pre-trial scheduling order and has failed to appear at two consecutive court conferences. Therefore, it is **RECOMMENDED** that the Court dismiss the instant action for the continued failures to appear.

# VI.

## CONCLUSION AND ORDER THEREON

For the reasons discussed above, the Court finds Plaintiff's counsel has failed to comply with the scheduling and pretrial orders of Magistrate Judge William McCurine, Jr.  Therefore, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) dismissing the action.

**IT IS ORDERED** that no later than **January 25, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 1, 2011**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order.  *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst,* 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 10, 2011

Hon. William McCurine, Jr.

U.S. Magistrate Judge, U.S. District Court

09cv2005 JM (WMc)